J. F. KETH v. STATE

No. 33,078.  March 8, 1961

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for passing as true a forged instrument, with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life imprisonment under Article 63, V.A.P.C.

The state's witness, Van W. Boston, testified that, on the day in question, the appellant came to his place of business and passed a certain check to him. The check, dated at Stratford, Texas, May 17, 1960, drawn on The First State Bank of Stratford, payable to J. F. Keth in the amount of $36.35 and signed "Peder J. Norb*ey*," was identified by the witness and introduced into evidence as State's Exhibit No. One.

The state's witness Peder J. Norb*ye* testified that he did not write and sign his name to the check in question; that the check was a forgery; and that he had not given anyone, including the appellant, authority to write the check and sign his name thereto.

In proof of the two prior convictions, the state introduced in evidence, as State's Exhibit No. Two, certified copies of the indictment, judgment and sentence in Cause No. 612, styled The State of Texas v. Frank Griggs, Jr., on the docket of the district court of Gaines County, Texas, which showed that on October 17, 1958, the defendant named therein was convicted of the offense of passing a forged instrument and assessed punishment at two years confinement in the penitentiary. Appellant was identified by Deputy Sheriff Floyd Taylor of Gaines County as the person so convicted in the cause. Also offered in evidence, as State's Exhibit No. Three, were certified copies of the indictment, judgment and sentence in Cause No. 1887, styled The State of Texas v. F. W. Griggs, Jr., on the docket of the District Court of Midland County, Texas, which showed that on November 4, 1953, the defendant named therein was adjudged guilty of forgery and assessed punishment at confinement in the penitentiary for three years. Appellant was identified by Sheriff Ed Darnell of Midland County as the person so convicted therein.

The proof shows that the primary offense for which appellant stands convicted was committed subsequent to the two prior convictions and that the Gaines County conviction was for an offense committed after the Midland County conviction had become final.

632

Appellant did not testify and no brief has been filed in his behalf.

No formal bills of exception accompany the record and there are no objections to the court's charge.

The informal bills of exception appearing in the statement of facts have been considered and do not present error.

We find the evidence sufficient to support the jury's verdict.

The sentence pronounced by the court orders that appellant be confined in the penitentiary for life, as provided by Article nor more than life and is. reformed so as to order that appellant be confined in the penitentiary for life, as provided by Article 63, supra.

The judgment is affirmed.

Opinion approved by the Court.